On Application for Rehearing.
BREAUX, O. J.
The defendant acquiesces in the judgment rendered, except as relates to the taxes of 1904 and interest on the price from the date of adjudication until paid.
Those who, like the defendant, were purchasers at the judicial sale attacked by the defendant, appear through amici curise, on the application for a rehearing, to urge that the court has been led into error.
We take up the grounds submitted by defendant for a rehearing:
(1) Objection to paying taxes of 1904.
(2) Interest on the price of adjudication from the date of the adjudication.
Plaintiffs, Mrs. Tobin et al., alleged that the purchaser, the defendant, assumed to pay the taxes of 1904.
The defendant in its answer admitted that at the sale of the property it became adjudicatee on the terms and conditions mentioned in the petition.
It is bound by its own agreement, as set forth in the petition and accepted by it as correct, to pay the taxes.
It presented no issue upon the subject. No objection is interposed in the pleadings on the ground mentioned.
In view of the foregoing, we must decline to further entertain that ground of complaint.
Defendant further urges that it should not be condemned to pay any interest at all on the price.
In our decree heretofore handed down we condemned the defendant to pay interest on the cash portion of the purchase price from the date of the adjudication. This we will change, and partly grant defendant’s demand. Under the circumstances the defendant was in default after judgment, and could be legally condemned to pay interest from the day of judgment.
This quéstion was expressly decided in Duruty v. Musacchia, 42 La. Ann. 361, 7 South. 555, in which, upon a similar issue, the court held that the defendant was not in default for the nonpayment of the cash portion of the price until the date of the judgment, and therefore owes interest from that date only.
There was ground to defend the suit in the district court. One of the heirs departed this life years ago, at some distance from his home, on a voyage at sea, it was stated. None of the family or acquaintances from here were with him at the time of his death. There was no record of the facts relating to his death. The purchasers depended on this as one of the grounds, and desired a record to be made thereof and a judgment thereon.
This was reasonable enough, and it brings *202 the case within the rule laid down in the Dnruty decision; i. e., in that defendant had a reasonable defense to urge to the date of judgment.
This brings the case strictly within the Duruty Case, in which it was decided that interest was to run from day of judgment. That case is absolutely a precedent upon this point.
In accordance with this decision the- date of interest on the cash portion of the purchase price will be changed.
Tbe brief of tbe amici euriee received consideration, although it came to us late. The grounds urged herein have not influenced us to change our views.
It is therefore ordered, adjudged, and decreed that that portion of our decree which reads, “and entitling the sellers of the property to recover legal interest on the cash portion of the purchase price from the date of the adjudication,” be changed to legal interest on the Cash portion of the purchase price from the date of the judgment, viz., on the 6th day of February, 1905, until paid.
In other respects our decree remains unchanged. The case has been thoroughly argued. It would serve no good purpose to grant a rehearing to make this amendment. It is amended as before stated, and the costs of appeal to be paid by appellee.
Application for rehearing refused.'